# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MILOUS BROWN,

      Plaintiff,  :  Case No. 2:19-cv-2425

             District Judge Michael H. Watson
 - vs -           Magistrate Judge Michael R. Merz

DAVID GRAY, WARDEN,
 Belmont Correctional Institution, et al.,

      Defendants.  :

## DECISION AND ORDER

 This prisoner civil rights case, brought *pro se* by Plaintiff Milous Brown pursuant to 42 U.S.C. § 1983, was recently transferred to the undersigned and is before the Court on a number of pending motions.

 First of all, Plaintiff Brown has filed a Motion to Compel Discovery (ECF No. 46) which seeks to compel the production of certain documents but which neither lists the documents in question nor attaches any request for production allegedly served on Defendants' counsel. The Motion to Compel is therefore DENIED.

 Second, Plaintiff has moved for a spoliation hearing (ECF No. 47). In it he references several attachments which allegedly support his request. However, the Motion has no attachments at all and is therefore denied without prejudice to its renewal if properly supported.

Finally, Plaintiff has moved for appointment of counsel, citing as authority 28 U.S.C. § 1915(e)(1)(ECF No. 44).

Persons pursuing civil litigation in federal court do not have a right, either constitutional or statutory, to the appointment of counsel. Appointment of counsel in a civil case is not a constitutional right. *Mekdeci v. Merrell National Laboratories,* 711 F.2d 1510, 1522, n. 19 (11th Cir. 1983). Undoubtedly representation by counsel is very useful in such litigation, both to plaintiffs and to the courts. However, Congress has not provided funds for compensation of attorneys in those situations and the Supreme Court has forbidden compelling counsel to accept appointment. *Mallard v. U.S. Dist. Court, S.D. Iowa*, 490 U.S. 296 (1989). While the Court may appoint counsel under the Criminal Justice Act in habeas corpus cases and must do so when those cases involved the death penalty or require an evidentiary hearing, that statute does not apply to prisoner cases under 42 U.S.C. § 1983. § 1915(e)(1) does not provide authority for appointment of counsel, but merely codifies the authority of a District Court to ask an attorney to represent a plaintiff. The Motion for Appointment of Counsel is DENIED.

November 16, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge