# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MILOUS BROWN,

                Plaintiff,        :      Case No. 2:19-cv-2425

                                      District Judge Michael H. Watson
- vs -                                Magistrate Judge Michael R. Merz

DAVID GRAY, WARDEN,
  Belmont Correctional Institution, et al.,

                Defendants.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This civil rights case is before the Court on Plaintiff's Objections (ECF No. 61) to the Magistrate Judge's Report and Recommendations recommending that Defendants' Motion for Summary Judgment be granted ("Report," ECF No. 55). Defendants have responded to the Objections (ECF No. 65) and District Judge Watson has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 62).

The sole claim before the Court on the Motion for Summary Judgment was whether either of the two Defendants could be found individually liable to Plaintiff under 42 U.S.C. § 1983 for retaliation against Plaintiff for his exercise of his First Amendment right of access to the courts. Judge Jolson had limited the case to a retaliation claim (Report, ECF No. 17, PageID 183-85). At

1

the outset of the Report, the undersigned Magistrate Judge found the case was directed to individual rather than official capacity liability (Report, ECF No. 55, PageID 367-68).

The Report concluded that on the undisputed material facts Plaintiff's submitted evidence did not create a question of material fact on which a jury could find in his favor. In sum, there was no evidence that whatever was done with Plaintiff's outgoing mail in early November 2018 resulted in any detriment to him in the case in which he was filing. Moreover, on Plaintiff's own admission, any action taken against him was for going to the Mental Health Unit, rather than complaining about his legal mail. Plaintiff's evidence was evaluated against the standard set in *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).

Plaintiff objects "to all adverse rulings" in the Report (Objections, ECF No. 61, PageID 431). Under Fed.R.Civ.P. 72(b), the assigned District Judge is obliged to review *de novo* all portions of a Magistrate Judge's report to which substantial objection is made. Under the *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), only specific objections to the Report will be preserved for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The district court need not provide *de novo* review where objections to a magistrate judge's report and recommendations are frivolous, conclusive, or general. Parties have a duty to pinpoint portions of the report that the Court should consider. *Mira v. Marshall,* 806 F.2d 636 (6th Cir. 1986). If a party files a general objection and incorporates other papers by reference and that approach undermines the purposes of the Magistrate's Act, that party will have waived the right to appeal. *Neuman v. Rivers* , 125 F.3d 315 (6th Cir. 1997).

Plaintiff states his intended reliance on Fed.R.Civ.P. 56(d) which allows an opponent to a summary judgment motion to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." (Objections, ECF No. 61, PageID 433-34).

2

He then notes that the affidavits in support of the summary judgment motion were not presented until that motion was filed, despite the fact that the discovery deadline had passed in September. However, affidavits submitted in support of a motion for summary judgment are not documents that must be created and produced in discovery before they are filed with a summary judgment motion. In the ordinary course of federal civil litigation, such affidavits would not be in existence until the summary judgment motion was prepared and filed.

Plaintiff purports to rely on "kites" attached to his Memorandum in Opposition to summary judgment (Objections, ECF No. 61, PageID 434). However, statements in those documents, except statements by Defendants McRobie and Ruiz, are inadmissible hearsay. Defendants relied on an affidavit from Captain Howell and Plaintiff responds that if he had known Howell was the one who ordered him taken to the hole, he would have sued Howell as well. *Id.* But he did not.

Plaintiff complains that Defendants have refused to provide him with discovery, saying that they would provide it only to his "authorized representative." *Id.* at PageID 436. For reasons Defendants' counsel have stated in opposing Plaintiff's motions to compel, that is a misconstruction of their responses.

Plaintiff also complains that the Court would only appoint him counsel to assist in mediation and not in general. *Id.* While Congress has provided authority for appointing counsel in 28 U.S.C. § 1915, it has never appropriated any funds for appointment of indigent civil litigants, reserving funds for criminal cases. And the Supreme Court has held District Courts cannot compel attorneys to serve without payment. *Mallard v. U.S. Dist. Court, S.D. Iowa*, 490 U.S. 296 (1989).

Plaintiff rests his Objections entirely on Fed.R.Civ.P. 56(d). He makes no response to the finding in the Report that nothing done by Defendants actually impeded his litigation of his habeas

3

corpus case or that sitting for three hours in segregation is a de minimis consequence which does not rise to the level of a compensable deprivation. Nor does he provide any evidence that it was not Captain Howell who ordered him to be segregated.

**Conclusion**

Plaintiff has not shown that any further discovery in the case would enable him to defeat Defendants' Motion for Summary Judgment. For that reason, his Objections should be overruled, Defendants' Motion for Summary Judgment should be granted, and the Complaint herein should be dismissed with prejudice. In entering judgment, the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 4, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.