UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Milous Brown,

    Plaintiff,

    v.

David Gray, Warden,
Belmont Correctional Institution, *et al.*,

    Defendants.

Case No. 2:19-cv-2425

Judge Michael H. Watson

Magistrate Judge Merz

## OPINION AND ORDER

The remaining defendants in this prisoner civil rights case, Owen McRobie ("McRobie") and John Ruiz ("Ruiz," together "Defendants") move for summary judgment on Milous Brown's ("Plaintiff") sole remaining claim: First Amendment retaliation.[1] Mot. Summ. J., ECF No. 34.

### I.    PROCEDURAL HISTORY

On December 7, 2020, Magistrate Judge Merz, to whom this case was transferred, issued a Report and Recommendation ("R&R") regarding Defendants' summary judgment motion. R&R, ECF No. 55. Magistrate Judge Merz recommended construing Plaintiff's Complaint as alleging First Amendment retaliation against McRobie and Ruiz in their individual capacities only. *Id.* The R&R also recommended finding that although a prisoner's efforts to access the

---

[1] The Court previously dismissed, without objection, all claims against all defendants other than McRobie and Ruiz as well as all claims against McRobie and Ruiz other than First Amendment retaliation. Order, ECF No. 25.

courts are encompassed within "protected conduct" for purposes of First Amendment retaliation claims, the First Amendment right to access the courts does not protect the actual conduct for which Plaintiff was allegedly retaliated against—demanding that McRobie and Ruiz immediately look into whether his legal mail was properly processed. *Id.* As such, the R&R concluded, Plaintiff failed to show that he engaged in protected conduct, which was fatal to his retaliation claim. *Id.*

Moreover, the R&R recommended finding that Plaintiff did not suffer any adverse action because the three hours he spent in segregation were *de minimis*, and Plaintiff failed to offer any evidence that the conditions of 2 House were materially different than in 1 House. *Id.* The failure to show a genuine dispute of material fact regarding whether he suffered an adverse action also warranted dismissal of Plaintiff's retaliation claim. *Id.*

Finally, the R&R recommended finding that Plaintiff failed to offer evidence of causation both because Defendants' evidence showed that neither McRobie nor Ruiz made the decision to place Plaintiff in segregation or to reassign his housing and because Plaintiff's own affidavit averred that any "retaliation" was in response to Plaintiff visiting the Mental Health Unit rather than for speaking with McRobie and Ruiz about the status of his legal mail (which was the allegedly protected conduct underlying Plaintiff's claim). *Id.* This failure to raise a genuine dispute of material fact regarding causation constituted a third basis on which Magistrate Judge Merz recommended dismissing Plaintiff's claim. *Id.*

Plaintiff objected to the R&R, Obj., ECF No. 61, arguing that he lacked sufficient discovery to respond to the summary judgment motion. Plaintiff also apparently argued that Defendants' refusal to comply with his discovery requests amounted to a denial of access to the courts under the First Amendment. *Id.* Plaintiff moved to supplement his objections with an exhibit, Mot., ECF No. 63, which Magistrate Judge Merz denied, Notation Order, ECF No. 67.

Magistrate Judge Merz thereafter issued a supplemental R&R, ECF No. 68, recommending the Court adopt the prior R&R because Plaintiff's objection rested entirely on an argument that he needed more discovery to adequately respond to Defendants' summary judgment motion but failed to show that further discovery would enable him to defeat said motion.

Plaintiff has now objected to the supplemental R&R, Obj., ECF No. 69, and the matter is ripe for decision.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), the Court must determine *de novo* any part of the Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.* Conversely, if any party fails to timely object to a part of the R&R, any such objection is waived.

### III. ANALYSIS

Plaintiff first objects to the R&R's conclusion that he did not engage in protected conduct, arguing without citation that inquiring about the status of legal mail is protected conduct for First Amendment retaliation purposes. Obj. 1, ECF No. 69. Alternatively, Plaintiff argues that if Defendants' affidavits are to be believed, then he was retaliated against not for checking with McRobie and Ruiz about the status of his legal mail but for complaining to Captain Howell about their lack of assistance. *Id.* at 2. In that instance, he asserts, his verbal complaint to Captain Howell amounts to a verbal, non-frivolous grievance, which is protected conduct.[2] *See id.* Thus, Plaintiff contends, regardless of which conduct prompted the retaliation, the conduct was protected. *See id.*

Additionally, Plaintiff objects to the R&R's recommendation that he failed to raise a genuine dispute of material fact regarding whether he suffered an adverse action. He states:

> In this case the retaliation included the following adverse actions: the disruption of his mental health appointment; his being verbally abused; cuffed up; taken to segregation; switched with another inmate in a less desirable housing location and dozens of shakedown/searches of his rack in the subsequent weeks, as alleged in the Complaint and supporting documents.

*Id.* at 2, ECF No. 69.

---

[2] Plaintiff has not sought to amend his Complaint to allege retaliation based on making a verbal complaint to Captain Howell or to add Captain Howell as a defendant.

Further, Plaintiff objects to the R&R's conclusion that he failed to raise a genuine dispute of material fact as to causation. He contends that he offered circumstantial evidence of causation—namely, temporal proximity. *Id.* at 2–3. Plaintiff disputes Defendants' factual assertion that he was placed in segregation for misconduct (i.e., visiting Captain Howell's office without invitation) rather than for inquiring about the status of his legal mail and argues that Defendants failed to offer evidence supporting their assertion that Plaintiff engaged in misconduct. For example, he argues, "there was no conduct report recorded, issued or presented to the Rules Infraction Board. No hearing was conducted[.]" *Id.* at 3. Thus, Plaintiff submits that a jury should determine the true reason prompting the adverse actions. *Id.*

Regardless of the merits of the objections described above, the Court is compelled to grant Defendants' motion for summary judgment. The R&R additionally recommended finding that Plaintiff failed to raise a genuine dispute of material fact regarding causation as it pertains to a First Amendment retaliation claim against *McRobie* and *Ruiz* for the independent reason that the evidence submitted on summary judgment showed that it was *Captain Howell* who made the decision to send Plaintiff to segregation and an *unnamed count supervisor* who reassigned Plaintiff's bed. R&R 15, 18, ECF No. 55. Plaintiff did not object to that portion of the R&R or otherwise offer evidence on objection that the adverse actions are attributable to the remaining Defendants in this case. Therefore, Plaintiff has failed to properly object to this portion of the R&R.

Because that conclusion is alone sufficient to grant Defendants' motion for summary judgment, the Court **OVERRULES** Plaintiff's objections, ECF Nos. 61 & 69, **ADOPTS** the R&R, ECF No. 55, without conducting a *de novo* review, and **GRANTS** Defendants' motion for summary judgment, ECF No. 34.

In closing, the Court would be remiss if it did not address Plaintiff's invocation of Federal Rule of Civil Procedure 56(d) and repeated requests that the Court deny as premature the motion for summary judgment and order additional discovery. In explaining why it is proper to rule on the summary judgment motion without ordering additional discovery, the Court begins by summarizing the discovery related issues in this case.

Plaintiff filed a Notice on June 1, 2020, which attached a copy of interrogatories Plaintiff served on Defendants on May 20, 2020. Notice, ECF No. 32. However, although discovery was due by September 11, 2020, Plaintiff did not move to compel discovery or otherwise complain about the deficiency of Defendants' response to those interrogatories until November 5, 2020, well past the discovery cut-off date. Mot. Compel, ECF No. 46. Magistrate Judge Merz denied Plaintiff's untimely motion to compel discovery, Op. and Order, ECF No. 53, and Plaintiff did not object to that decision under Federal Rule of Civil Procedure 72(a). Plaintiff did move again to compel discovery in December 2020, Mot. Compel, ECF No. 56, which Magistrate Judge Merz denied without prejudice to re-filing, ECF No. 57. Per the denial order, Plaintiff renewed that motion, Mot. Compel, ECF No. 60, but Magistrate Judge Merz denied it on the

merits as both untimely and for failing to comply with Local Rule 37.1. Op. and Order, ECF No. 66. Plaintiff did not object to Magistrate Judge Merz's Order denying Plaintiff's second motion to compel. See Obj., ECF No. 69.

In sum, although Plaintiff has continually argued that he is unable to meaningfully respond to Defendants' summary judgment motion due to a lack of discovery, Plaintiff neither timely moved to compel discovery nor objected to any of Magistrate Judge Merz's discovery rulings. In fact, Plaintiff never raised any issues regarding discovery prior to the formal close of discovery. The Court is loathe to permit a party to wait until the discovery window closes and then defeat a properly filed summary judgment motion by arguing that it requires additional discovery to respond to the same.

Moreover, although the Court is troubled by Plaintiff's assertion that he was stonewalled while pursuing discovery in this case, Plaintiff's discussions of the discovery deficiencies do not suggest that additional discovery would overcome the decisive obstacle to his claim—the fact that Captain Howell was the decisionmaker rather than any remaining defendant.

For example, Plaintiff's objection notes that additional discovery would disprove Defendants' assertion that Plaintiff was inappropriately present in Captain Howell's office (i.e., that discovery would show the existence of an open-door policy for Captain Howell's office). Obj. 4, ECF No. 61; Obj. 3–4, ECF No. 69. But Plaintiff does not argue that discovery would likely show that either

McRobie or Ruiz—the only remaining defendants in this case—made the decisions to send Plaintiff to segregation or reassign his housing.

Construed liberally, one sentence in Plaintiff's objection can be read as attacking the veracity of Defendants' claim that Captain Howell was the decisionmaker. Obj. 4, ECF No. 61 (arguing that Captain Howell was not the decisionmaker because, if he was, Plaintiff would have named him as a defendant). But that statement is conclusory and is not supported by any evidence that either named defendant caused any adverse action or any argument that discovery could prove as much. The Court will not deny summary judgment and reopen discovery based on the sole assertion that, if Defendants' averment was true, Plaintiff would have litigated this case differently.

For these reasons, the Court will not defer or deny Defendants' summary judgment motion under Federal Rule of Civil Procedure 56(d).

The Clerk is **DIRECTED** to enter judgment in favor of Defendants and terminate this case.

**IT IS SO ORDERED.**

                                  */s/ Michael H. Watson*
                                  **MICHAEL H. WATSON, JUDGE**
                                  **UNITED STATES DISTRICT COURT**