## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

MILOUS BROWN,

                  Plaintiff,       :      Case No. 2:19-cv-2425

                                        District Judge Michael H. Watson
    -  vs  -                         Magistrate Judge Michael R. Merz

DAVID GRAY, WARDEN,
 Belmont Correctional Institution, et al.,

                  Defendants.     :

---

## REPORT AND RECOMMENDATIONS

---

This civil action under 42 U.S.C. § 1983 is before the Court on Plaintiff's Motion for a Declaratory [Judgment] and/or Preliminary Injunction and Temporary Restraining Order (ECF No. 78). Defendants oppose the Motion (ECF No. 79) and Plaintiff has filed a Reply in support (ECF No. 85). Plaintiff is proceeding *pro se* on all aspects of this case except that counsel has been appointed to represent him in the mediation process.

Motions for injunctive relief require a report and recommendations from an assigned Magistrate Judge, rather than a decision. Motions for declaratory relief are not expressly listed in Fed.R.Civ.P. 72 as dispositive, but should be treated that way, given what the effect of granting or denying declaratory relief would be on a claim for relief. *See, Vogel v. U.S. Office Products Company,* 258 F.3d 509, 514 (6th Cir. 2001), *citing* Fed.R.Civ.P. 72.

Plaintiff filed the instant Motion May10, 2022, after the case was remanded by the Sixth Circuit April 20, 2022 (Mandate, ECF No. 76). What the circuit court remanded was Brown's First Amendment retaliation claim against the remaining Defendants, McRobie and Ruiz. *Brown v. Gray*, 2022 WL 961246 *5 (6th Cir. Mar. 28, 2022)(unpublished; copy at ECF No. 74). Brown had sought injunctive relief on his legal mail claim generally from the Sixth Circuit, but that court declined to decide that claim for lack of jurisdiction. *Id.* Aside from the First Amendment retaliation claim, the circuit court affirmed this Court's judgment dismissing all other claims and parties. *Id.*

Defendants argue that the instant motion is outside the scope of the mandate from the circuit court. The mandate rule is a specific application of the law-of-the-case doctrine. The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals. *United States v. Campbell,* 168 F.3d 263, 265 (6th Cir. 1999). The mandate rule is a distinct concept which preserves the hierarchy of the court system. *Scott v. Churchill,* 377 F.3d 565, 570 (6th Cir. 2004).

> The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.,* 865 F.2d 761, 766 (6th Cir. 1989)). Pursuant to the law of the case doctrine, and the complementary "mandate rule," upon remand the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." *Id.* (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir.), cert. denied, 414 U.S. 859, 94 S. Ct.

> 71, 38 L. Ed. 2d 110 (1973)). The trial court is required to "implement
> both the letter and the spirit" of the appellate court's mandate, "taking
> into account the appellate court's opinion and the circumstances it
> embraces." *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995).

*Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006).

An appellate judgment that affirms most of a district court's final judgment but remands

one claim does not reopen the judgment for litigation of other claims.  In fact Brown's substantive

First Amendment claim is not part of the Complaint in this case; as the circuit court noted, he did

not raise this claim before appeal.

Accordingly, the Magistrate Judge recommends that the instant Motion be DENIED as its

consideration is beyond the scope of the remand.  The reader should note that Plaintiff has indeed

made the same legal mail First Amendment claim in a new case, *Brown v. Chambers-Smith*, Case

No. 2:22-cv-02469.


**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the
proposed findings and recommendations within fourteen days after being served with this Report
and Recommendations. Because this document is being served by mail, three days are added under
Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such
objections shall specify the portions of the Report objected to and shall be accompanied by a
memorandum of law in support of the objections. A party may respond to another party's
objections within fourteen days after being served with a copy thereof.  Failure to make objections
in accordance with this procedure may forfeit rights on appeal. #



August 22, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
